FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ NOV 22 2011 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
DENISE MARIE PRINCE,

        Plaintiff,

-against-

SOCIAL SECURITY ADMINISTRATION,

        Defendant.
-----------------------------------------------------------x

**NOT FOR PUBLICATION**
**MEMORANDUM & ORDER**
11-CV-4860 (CBA)

AMON, Chief United States District Judge:

## Background

On October 3, 2011, plaintiff Denise Prince ("Prince"), proceeding pro se, filed a complaint against the Social Security Administration ("SSA"), alleging that the SSA had wrongfully withheld Medicare Part B premiums from her Title II disability benefit checks. Appended to the complaint was a letter to Prince from the SSA stating that because the State of New York would no longer pay her Medicare premiums, the premium amounts would be deducted from her benefits checks starting on October 3, 2011. (Compl. at 3.) On October 18, 2011, the Court directed the defendant to show cause as to why Prince was not entitled to relief or was otherwise not properly before the Court. The defendant responded on November 15, 2011 arguing that the complaint should be dismissed for lack of jurisdiction, and that venue was improper. For the reasons that follow, the complaint is dismissed without prejudice.

## Discussion

Prince has not exhausted her administrative remedies, and thus her claim must be dismissed. The Social Security Act states that "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, . . . may obtain a review of such decision by a civil action" in federal district court. 42 U.S.C. § 405(g). The Act

1

also provides that "[n]o findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or government agency" except as provided in section 405(g). See 42 U.S.C. § 405(h). The Commissioner's regulations provide that a "final decision of the Commissioner" will only issue after the claimant has requested reconsideration of the initial determination, followed by a hearing before an administrative law judge, and has sought review of an adverse hearing determination by the Appeals Council. See 20 C.F.R. § 404.900(a); Mussilly v. Astrue, 2009 WL 4891770, at *1 (E.D.N.Y. 2009) (describing SSA administrative exhaustion procedures). In certain limited circumstances, failure to exhaust may be excused, such as "where the plaintiffs' legal claims are collateral to their demand for benefits, where exhaustion would be a pro forma or futile gesture, or where the harm suffered in the interim would be irreparable." Smith v. Schweiker, 709 F.2d 777, 780 (2d Cir. 1983); see Abbey v. Sullivan, 978 F.2d 37, 44 (2d Cir. 1992). In all other cases, a federal district court lacks jurisdiction to hear a claim brought against the Social Security Administration prior to a final decision of the Commissioner. See Smith, 709 F.2d at 779; Louis v. Commissioner of Social Sec., 2010 WL 743939, at *3 (S.D.N.Y. 2010); Muniz v. Astrue, 2007 WL 4591259, at *1 (E.D.N.Y. 2007) ("[W]here a claimant has not received a 'final decision' from the Commissioner, his claim for benefits is unexhausted and a federal district court is without subject matter jurisdiction to review it."); Mathews v. Chater, 891 F. Supp. 186, 189 (S.D.N.Y. 1995) (noting the "general rule requiring the claimant to obtain a final decision from the Commissioner and to exhaust the administrative remedies provided by the Commissioner before this Court has jurisdiction over the matter").

Pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure, this Court may dismiss an action at any time if it determines that it lacks subject matter jurisdiction. A court may also

dismiss a complaint pursuant to the in forma pauperis statute, 28 U.S.C. § 1915(e)(2)(B), if it determines that it plainly lacks jurisdiction or the complaint otherwise fails to state a claim. See McGann v. Commissioner, 96 F.3d 28, 30 (2d Cir.1996).

The defendant has submitted that Prince never requested any administrative review of the deduction of Medicare Part B premiums from her disability benefits. (Def. Opp. at 3.) Furthermore, it is clear from the complaint that Prince did not exhaust her administrative remedies, because the bank records appended to her complaint demonstrate that she filed this action on the very same day that the Medicare premiums were first withheld from her monthly benefits check. (See Compl. at 5.) Given that this is a simple dispute over benefit deductions, there is no basis to waive the exhaustion requirement, and the complaint must be dismissed. See Mathews, 891 F. Supp. at 188-89.

Prince is also reminded that if she should wish to re-file this action in the future claiming proper exhaustion, she must file it in the district in which she resides. 42 U.S.C. § 405(g) ("Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides . . . ."). Prince appears to reside in Binghamton, New York, which would make the proper venue in the United States District Court for the Northern District of New York. (See Compl. at 2.)

## Conclusion

Accordingly, the Court will dismiss the complaint without prejudice for failure to exhaust administrative remedies. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to close this case.

SO ORDERED.

Dated: Brooklyn, New York
November 22, 2011

/Signed by Chief Judge Carol B. Amon/

/Carol Bagley Amon
Chief United States District Judge